Travis C. Badger
State Bar No. 24082646
Badger Law PLLC
3400 Avenue H, 2nd Floor
Rosenberg, TX 77471
281.633.9900 Phone
281.633.9916 Fax
ATTORNEY FOR CADENCE BANK F/K/A
BANCORPSOUTH BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ANTHONY S. MUHARIB** | § | |
| | § | **CASE NO. 24-32843** |
| Debtors | § | **(Chapter 7)** |

**MOTION FOR RELIEF FROM THE STAY**
**REGARDING EXEMPT PROPERTY**

> THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF YOU OBJECT TO THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY, YOU SHOULD CONTACT THE MOVANT IMMEDIATELY TO TRY TO REACH AN AGREEMENT.  IF YOU CANNOT REACH AN AGREEMENT, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVANT **NOT LATER THAN JUNE 3, 2025** AND YOU MUST ATTEND THE HEARING.
>
> **THE COPY SENT TO THE MOVANT MUST BE DELIVERED BY HAND OR ELECTRONIC DELIVERY IF IT IS SENT LESS THAN SEVEN DAYS PRIOR TO THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE HEARING MAY BE AN EVIDENTIARY HEARING AND THE COURT MAY GRANT OR DENY RELIEF FROM THE STAY BASED ON THE EVIDENCE PRESENTED AT THIS HEARING.  IF A TIMELY OBJECTION IS FILED, THE COURT WILL CONDUCT A HEARING ON THIS MOTION ON JUNE 10, 2025 AT 10:00 AM IN COURTROOM 401, 515 RUSK, HOUSTON, TX 77002.**

1. This motion requests an order from the Bankruptcy Court authorizing the person filing this motion to foreclose on or to repossess the property that is identified in paragraph 3.

2. Movant: Cadence Bank f/k/a BancorpSouth Bank.

3. Movant, directly or as agent for the holder, holds a security interest in 4723 Ivanhoe Street, Houston, TX 77027, further described as:

    **Exhibit "A" attached hereto and made a part hereof for all purposes.**

4. The property described in paragraph 3 is claimed as exempt by the debtor. Movant does not contest the claimed exemption.

5. Type of collateral (e.g., Home, Manufactured Home, Car, Truck,  Motorcycle): Home

6. Debtor's scheduled value of property: $1,199,100.00.

7. Movant's estimated value of property: $1,199,100.00.

8. Total amount owed to movant: $1,086,549.78.

9. Estimated equity: $112,550.22.

10. Total pre and post-petition arrearages: $142,841.90.

11. Total post-petition arrearages: $142,841.90.

12. Amount of unpaid, past due property taxes, if applicable: $0.00.

13. Expiration date on insurance policy, if applicable: _____.

14.   X     Cadence Bank f/k/a BancorpSouth Bank, Movant seeks relief based on the debtor(s)' failure to make payments. The Debtor's payment history in this case is attached to the Affidavit in Support of Motion for Relief from Automatic Stay. Any party in interest may move to require the Movant to provide a complete payment history. If ordered by the Court, the complete payment history must be provided not less than 7 days prior to the final hearing on the motion for relief from the stay.  Movant may include a complete payment history with its original motion.  If a payment history is ordered, it must be provided in a format substantially similar to the format required by BLR 3001-1. Movant acknowledges that the Court may prohibit the use of parole evidence to interpret a payment history that does not satisfy these representations.

15.   _____.  Movant seeks relief based on the debtor(s)' failure to provide a certificate of insurance reflecting insurance coverage as required under the debtor's pre-petition contracts.

16. If applicable:  Name of Co-Debtor: n/a.

17. Based on the foregoing, movant seeks termination of the automatic stay and the co-debtor stay, to allow movant to foreclose or repossess the debtor(s)' property and seeks to recover its costs and attorneys' fees in an amount not to exceed the amount listed in paragraph 10.

18. Movant certifies that prior to filing this motion an attempt was made to confer with the Debtor(s)' counsel (or with Debtor(s), if *pro se*) either by telephone, by e-mail or by facsimile, by the following person on the following date and time: TMedrano on April 7, 2025 and April 8, 2025. An agreement could not be reached. If requested by debtor or debtor's counsel, a payment history in the form attached to this motion was provided at least two days, excluding intermediate weekends and holidays) before this motion was filed.

Date: May, 13, 2025                    /s/ Travis C. Badger
                                       Movant Counsel's Signature
                                       Name:       Travis C. Badger
                                       TBN:        24082646
                                       Address:    3400 Avenue H, 2nd Floor
                                                   Rosenberg, TX 77471
                                       Telephone:  281-633-9900
                                       Fax:        281-633-9916
                                       Email:      bkcy@badgerlawoffice.com


**Certificate of Service and Certificate of Compliance with BLR 4001**

A copy of this motion was served on the persons shown on exhibit "1" at the addresses reflected on that exhibit on May 13, 2025.  Movant certifies that movant has complied with Bankruptcy Local Rule 4001.

                                       /s/ Travis C. Badger
                                       Travis C. Badger

# Exhibit "A"

A certain tract or parcel of land being parts of Lot Five (5) and Six (6) in Block Two (2) of GREENWOOD ADDITION, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Volume 37, Page 58 of the Harris County Map Records, said tract being more particularly described by metes and bounds as follows:

BEGINNING at a point for the common northerly corner of said Lots 5 and 6, said point lying in the southerly right-of-way line of Ivanhoe Street (60.00 feet wide);

THENCE North 89 deg. 29 min. 40 sec. East with the northerly line of said Lot 5 for a distance of 40.87 feet to a 1/2-inch iron rod found for corner;

THENCE South 00 deg. 30 min. 20 sec. East over and across said Lot 5 for a distance of 124.94 feet to a point in the south line of said Lot 5 for corner;

THENCE South 89 deg. 29 min. 40 sec. West along the south lines of said Lots 5 and 6 for a distance of 100.00 feet to a point for corner in the south line of said Lot 6;

THENCE North 00 deg. 30 min. 20 sec. West over and across said Lot 6 for a distance of 124.94 feet to a 1/2-inch iron rod found for corner in the southerly right-of-way line of Ivanhoe Street;

THENCE North 89 deg. 29 min. 40 sec. East along the northerly line of said Lot 6 for a distance of 59.13 feet to the POINT OF BEGINNING,

(herein sometimes called the "Land"); (b) all rights, titles, interest, estates, reversions and remainders now owned or hereafter acquired by Grantor in and to the Land; (c) all improvements now or hereafter situated on the Land and in and to the properties covered hereby; (d) all lands hereafter acquired by Grantor next or adjacent to the Land; (e) all rights, titles and interests now owned or hereafter acquired by Grantor in and to all easements, streets and rights-of-way of every kind and nature next to or adjoining the Land and all public or private utility connections thereto and all appurtenances, servitudes, rights, ways, privileges and prescriptions thereto; (f) all goods, equipment, fixtures and other personal property (herein called the "Goods") now owned or hereafter acquired by Grantor and now or hereafter affixed to, or located on or within, the Land or improvements, including without limitation, all rights, titles and interests of Grantor now owned or hereafter acquired in and to any of the Goods that may be subject to any title retention or security agreement superior in lien or security interest to the lien or security interest of this Deed of Trust, Security Agreement and Financing Statement (herein called "Deed of Trust"); (g) all rights and interests of Grantor now owned or hereafter acquired in and to all (i) contracts, subcontracts and plans and specifications relating to the improvements and all deposits, funds, accounts, contract rights, instruments, documents, general intangibles (including trademarks, trade names and symbols used in connection therewith), notes or chattel paper arising from or by virtue of any transactions relating to the Land or the improvements; (ii) all permits, licenses, franchises, certificates, and other rights and privileges obtained in connection with the Land and the improvements; (iii) all proceeds arising from or by virtue of the sale, lease or other disposition of any of the real or personal property described herein; (iv) all proceeds (including premium refunds) payable or to be payable under each policy of insurance relating to the Land or the improvements; and (v) all proceeds arising from the taking of all or any part of the Land or any rights appurtenant thereto, including change of grade of streets, curb cuts, or any other rights of access, for any public or quasi-public use under any law, or by right of eminent domain, or by private or other purchase in lieu thereof; and (h) without limiting the foregoing, any and all rights, royalties, rents, revenues, benefits, leases, contracts, accounts, general intangibles, money, instruments, insurance proceeds, documents, tenements, hereditaments and appurtenances now owned or hereafter acquired by Grantor and appertaining to, generated from, arising out of or belonging to any of the foregoing (all of the foregoing, (a) through (h) inclusive, being herein called the "Mortgaged Property").